# CEDAR RAPIDS GAS LIGHT COMPANY *v.* CITY OF CEDAR RAPIDS.

## ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 163. Argued February 29, 1912.—Decided March 11, 1912.

Where the general power reserved to regulate rates is only limited by the Fourteenth Amendment, no franchise contract will be presumed to imply that the municipality under its reserved right to regulate rates must only reduce them to such a point that there will be a margin to allow a discount for prompt payment.

A municipal ordinance drawn in form of a contract to be accepted by the franchisee, when accepted becomes a contract and is subject to the reserved powers of the municipality as limited by the laws of the State.

The practice and decisions of this court are that § 709 Rev. Stat. does not give to a writ of error to the state court in a chancery case the effect of an appeal from a judgment in such a case in the Federal courts and open the evidence for reëxamination in this court.

Findings of the state court in cases either at law or in equity may depend upon questions that are reëxaminable in this court, which, if properly saved, must be answered; and this court may examine the evidence in so far as necessary to do so in respect to rulings within the appellate jurisdiction of this court. *Kansas City Southern Railway* v. *Albers Commission Co., ante*, p. 573.

*Quære:* Whether a legislative rate, not in itself too low, is confiscatory

because it is too low to permit a further reduction in the way of
discount for cash payment.

The state court having treated a public utility corporation fairly as to
value of plant depreciation, and found that the net returns would
exceed six per cent, and given it leave to try the case again after
the legislative rate had been in effect, this court does not feel war-
ranted in reversing on the ground that the rate is confiscatory be-
cause in some details this court might have treated the corporation
differently.

144 Iowa, 426, affirmed.

THE facts, which involve the validity, under the con-
tract and due process provisions of the Constitution of
the United States, of an ordinance of the City of Cedar
Rapids, Iowa, fixing the price of gas at ninety cents per
thousand cubic feet, are stated in the opinion.

*Mr. James H. Trewin,* with whom *Mr. John N. Hughes*
and *Mr. John M. Grim* were on the brief, for plaintiff in
error:

There is no conflict in the evidence as to the value and
efficiency of the discount provision of the franchise. The
ordinance granting the plaintiff in error a franchise is a
contract. *Water Co.* v. *Cedar Rapids, Iowa,* 118 Iowa, 234;
*Dartmouth College Case,* 4 Wheat. 518.

An unconditional grant by a State constitutes a con-
tract, which is entitled to protection under the Constitu-
tion just as fully as a grant made by an individual.
*Fletcher* v. *Peck,* 6 Cr. 87; *Sinking Fund Cases,* 99 U. S.
700, 719; *New Orleans Water Co.* v. *Rivers,* 115 U. S. 674,
681; *People* v. *O'Brien,* 111 N. Y. 1; 18 N. E. Rep. 692.

Plaintiff in error cannot provide for a discount below
ninety cents and earn any return on its property what-
ever. It is, therefore, deprived by the ordinance of the
discount provision contained in its franchise. The com-
pany cannot impose a penalty for the violation of one of
its regulations, nor refuse to furnish gas on the failure of
the consumer to pay the penalty. *Shepard* v. *Milwaukee*

*Gas Co.,* 70 Am. Dec. 479; 6 Wisconsin, 539; *Williams* v. *Mutual Gas Co.,* 18 N. W. Rep. 236; *Harbison* v. *Knoxville Water Co.,* 53 S. W. Rep. (Tenn.) 933; *Gas Light Co.* v. *Colliday,* 25 Maryland, 1; *Webster* v. *Nebraska Tel. Co.,* 22 N. W. Rep. 239; *Tacoma Hotel Co.* v. *Light & Water Co.,* 28 Pac. Rep. 517; *Shires* v. *Ewing,* 29 Pac. Rep. 320; *Railroad Tax Cases,* 13 Fed. Rep. 756; *Detroit* v. *Plank Road Co.,* 43 Michigan, 140; *Commonwealth* v. *Essex Co.,* 13 Gray, 239; *Railroad Co.* v. *Maine,* 96 U. S. 499; *Sinking Fund Cases,* 99 U. S. 700.

Whatever is plainly granted cannot be taken from the parties entitled thereto by such legislative enactments. *Minneapolis* v. *Street Ry. Co.,* 215 U. S. 417; *Detroit* v. *Citizens' Street Ry. Co.,* 184 U. S. 368.

The city had no reserved power to abrogate the discount provision. *Sioux City St. Ry. Co.* v. *Sioux City,* 78 Iowa, 747; *Burlington Street Ry. Co.,* 49 Iowa, 144; *Des Moines* v. *C., R. I. & P. Ry. Co.,* 41 Iowa, 569; *Burlington & Henderson County Ferry Co.* v. *Davis,* 40 Iowa, 133; *Des Moines St. Ry. Co.* v. *Des Moines B. G. St. Ry. Co.,* 73 Iowa, 513; *City Ry. Co.* v. *Citizens' St. Ry. Co.,* 166 U. S. 557; *New Orleans* v. *New Orleans Water Co.,* 142 U. S. 79; *C., B. & Q. Ry. Co.* v. *Cutts,* 94 U. S. 155.

The discount provision, which is the language of the city, grants a valuable right of which plaintiff in error cannot be deprived. *Knoxville* v. *Water Co.,* 189 U. S. 434; distinguished.

Implied obligations of contracts come within the protection of § 10 of Art. I of the Constitution. *Stewart* v. *Jefferson Police Jury,* 116 U. S. 135; *Burton* v. *Koshkonong,* 4 Fed. Rep. 377; *Carey Library* v. *Bliss,* 151 Massachusetts, 364.

The State can no more impair the obligation of its own contracts, than it can impair the contracts of individuals. *Woodruff* v. *Trapnall,* 10 How. 207; *Providence Bank* v. *Billings,* 4 Pet. 560; *Green* v. *Biddle,* 8 Wheat.

92; *Fletcher* v. *Peck*, 6 Cranch, 127; *Shinn* v. *Cunningham*, 120 Iowa, 383; *People* v. *Hall*, 8 Colorado, 485; *Erie* v. *Griswold*, 184 Pa. St. 435; *Atkins* v. *Randolph*, 31 S. W. Rep. 226; *United States* v. *Mayor of New Orleans*, 103 U. S. 358; *Von Hoffman* v. *Quincy*, 4 Wall. 535; *Greenwood* v. *Freight Co.*, 105 U. S. 20; *New Jersey* v. *Yard*, 95 U. S. 113.

The granting of a franchise to a corporation is a contract with mutual considerations, and justice and good policy alike require that the protection of the law should be assured to it. *Birmingham* v. *Birmingham*, 3 Wall. 51. See also *West River Bridge Co.* v. *Dix*, 6 How. 507.

The ninety cent rate ordinance abrogates the sliding scale of prices for gas. It is lawful and proper to make lower rates to large consumers based on a sliding scale available to all. *Skillman* v. *Board*, 152 N. Y. 327; *Wagoner* v. *Rock Island*, 146 Illinois, 139; *Brunswick Elec.* v. *Maine Water Co.* (Me.), 59 Atl. Rep. 537; *Robbins* v. *Bangor, &c.*, 1 L. R. A. (N. S.) 962; *Wilson* v. *Tallahassee Water Co.* (Fla.), 36 So. Rep. 63.

The ordinance takes plaintiff's property without just compensation and due process of law. The evidence shows that the ninety cent rate would not enable plaintiff to earn fair and reasonable compensation upon its property.

The basis of all calculations as to the reasonableness of the rates to be charged by a corporation furnishing gas to the public is the fair value of the property being so used at the time of fixing the rate. *Willcox* v. *Gas Co. of New York*, 212 U. S. 19; *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1; *Atlantic Coast Line* v. *Nor. Car. Corp. Com.*, 206 U. S. 1; *Stanislaus County* v. *Irrigation Co.*, 192 U. S. 201; *San Diego Land Co.* v. *Jasper*, 189 U. S. 439; *Minneapolis & St. Louis Rd. Co.* v. *Minnesota*, 186 U. S. 257; *Vicksburg Water Co.* v. *Vicksburg*, 185 U. S. 82; *San Diego Land Co.* v. *National City*, 174 U. S. 739; *Smyth* v. *Ames*, 169 U. S. 547; *Covington Turnpike Co.* v. *Sandford*, 164 U. S. 578; *Cotting*

v. *Kansas City Stock Yards,* 183 U. S. 79; *Reagan* v. *Farmers' L. & T. Co.,* 154 U. S. 363; *Spring Valley Water-works* v. *San Francisco,* 124 Fed. Rep. 574; *Southern Pac. Rd.* v. *R. R. Commissioners,* 78 Fed. Rep. 261; *Memphis Gas & Lt. Co.* v. *Memphis,* 72 Fed. Rep. 952; *Brunswick Water Dist.* v. *Maine Water Co.,* 99 Maine, 371; *Water. Co.* v. *Cedar Rapids,* 118 Iowa, 234; Lewis on Eminent Domain, §§ 462, 477; *Metropolitan Trust Co.* v. *Houston,* 90 Fed. Rep. 683.

It is the market value that is to be ascertained and considered as the fair value of the property. *Henry* v. *Dubuque & Pac. Ry.,* 2 Iowa, 300; *Steenerson* v. *Great Northern Ry.* (Wis.), 72 N. W. Rep. 715; Beale & Wyman, R. R. Rate Reg., § 355.

The owner of property devoted to a public use is entitled to the benefit of any appreciation in value above the original cost, and cost of improvements, which is due to good management, or any natural causes. Cases *supra; Detroit* v. *Detroit H. & P. Co.,* 43 Michigan, 140.

The value of the plant is the fair value for which it might be sold to any other corporation or investor and its original cost or cost of reproduction. *Smyth* v. *Ames,* 169 U. S. 524; *San Diego* v. *Jasper,* 189 U. S. 439; *Ames* v. *Union Pacific,* 64 Fed. Rep. 165; Beale and Wyman, R. R. Rates, § 255; *Steenerson* v. *Great Northern Ry.,* 72 N. W. Rep. 715.

It is immaterial in what way the property was lawfully acquired, whether by labor, gift or by making profitable use of a franchise previously granted, it is enough if it has become private property. *Monongahela Nav. Co.* v. *United States,* 148 U. S. 312; *Spring Valley Waterworks* v. *San Francisco,* 124 Fed. Rep. 574; *Metropolitan Trust Co.* v. *Houston &c.,* 90 Fed. Rep. 683; *Detroit* v. *Detroit H. & P. Co.,* 43 Michigan, 140; *Brunswick Water Dist.* v. *Maine Water Co.,* 59 Atl. Rep. 540.

Good will or going value should be considered in arriv-

ing at the value of plaintiff's property, upon which it is entitled to earn dividends.  Cases *supra* and *National Water Works* v. *Kansas City*, 62 Fed. Rep. 853; *People* v. *O'Brien*, 111 N. Y. 41; *Smyth* v. *Ames*, 169 U. S. 544; *Reagan* v. *Farmers' L. & T. Co.*, 154 U. S. 362, 410; *Ames* v. *U. P. Ry. Co.*, 64 Fed. Rep. 165; *San Diego Water Co.* v. *San Diego*, 118 California, 556; *Fairbank* v. *United States*, 181 U. S. 300; *United States* v. *Gettysburg Elec. R. Co.*, 160 U. S. 668; *Kennebec Water Dist.* v. *Waterville*, 97 Maine, 185; *Water Co.* v. *Newburyport*, 168 Massachusetts, 541; *Water Supply Co.* v. *Gloucester*, 179 Massachusetts, 365; *Bristol* v. *Water Works*, 23 R. I. 274; *Ames* v. *P. R. R. Co.*, 64 Fed. Rep. 178; *Omaha* v. *Water Co.*, 218 U. S. 180.

"Going Value" or "Franchise" should not be discarded because of difficulty in ascertaining its value.  *Howe Machine Co.* v. *Bryson*, 44 Iowa, 166; *Richmond* v. *D. & S.*, 40 Iowa, 272; *Chicago Ry. Co.* v. *Tompkins*, 176 U. S. 167, 172.

The franchise is an easement or right of way in the streets, and hence is real property.  Cases *supra* and *Milhau* v. *Sharp*, 27 N. Y. 620; *Ghee* v. *Northern Union Gas Co.*, 158 N. Y. 510; *Metropolitan Street R. Co.* v. *State Tax Comrs.*, 174 N. Y. 435; *Water Comrs.* v. *Westchester Waterworks Co.*, 176 N. Y. 239; *Kronbein* v. *Rochester*, 76 App. Div. 494; *Re East River Gas Co.*, 122 App. Div. 890; *Bowman* v. *Wathen*, 2 McLean, 376; *Citizens' St. R. Co.* v. *Detroit*, 64 Fed. Rep. 643; *West River Bridge Co.* v. *Dix*, 6 How. 507; *Gue* v. *Tide Water Canal Co.*, 24 How. 257; *East Alabama R. Co.* v. *Doe*, 114 U. S. 340; *Chicago* v. *Baer*, 41 Illinois, 306; *Stockton Gas & Electric Co.* v. *San Joaquin County*, 148 California, 313.  As to the rule in England since the early days of gas lighting see *Railroad* v. *Brighton Gaslight Co.*, 5 Barn. & C. 466.

A corporation cannot be deprived of its franchises except under the power of eminent domain and upon payment of their full value.  *Sixth Ave. R. Co.* v. *Kerr* and *Water Comrs.*

v. *Westchester County Waterworks*, 176 N. Y. 239; *Coney Island, Ft. H. & B. R. Co.* v. *Kennedy*, 15 App. Div. 588; *Spring Valley Waterworks* v. *San Francisco*, 124 Fed. Rep. 574; *Monongahela Nav. Co.* v. *United States*, 148 U. S. 312.

The power of the Federal Government to regulate commerce does not authorize it to destroy a franchise of this kind without making just compensation for it. *United States* v. *Bellingham Bay Boom Co.*, 176 U. S. 211; *Monongahela Nav. Co.* v. *United States*, 148 U. S. 312.

Plaintiff's franchise is entitled to the same protection as any other property. *Parker* v. *Elmira C. & N. R. Co.*, 165 N. Y. 274; 59 N. E. Rep. 81; *Railroad Cases*, 116 U. S. 307, 331.

The action of the state court in excluding many items of value was arbitrary and without foundation in the evidence. It is the present value of the plant that should be taken into consideration. *Cases supra.*

Working capital should not have been eliminated in fixing value.

The elements entering into a fair rate to be charged for gas are the actual cost of all labor, materials and immediate repairs necessary to manufacture the gas and place it at the disposal of the consumer. *Cases supra; Reagan* v. *Farmers' Land T. Co.*, 154 U. S. 362; *U. P. Ry.* v. *United States*, 99 U. S. 700; *Southern Pac. Ry.* v. *Board of Com.*, 78 Fed. Rep. 265; *Gas Co.* v. *Memphis*, 72 Fed. Rep. 952; *Clyde* v. *Richmond Elec. Co.*, 57 Fed. Rep. 436.

A reasonable amount must be allowed for depreciation of the plant. *Willcox* v. *Gas Co., supra; Knoxville* v. *Water Co., supra; San Diego Land Co.* v. *National City*, 174 U. S. 739; *Milwaukee E. R. & L. Co.* v. *City*, 87 Fed. Rep. 577; *Brymer* v. *Butler Water Co.*, 179 Pa. St. 231.

Depreciation is due to three general factors. Inadequacy; where by reason of increased demand the machinery or mains, or some parts of them, become too small.

Obsolescence; where by reason of new invention and advancement in the art, the machinery in use can no longer be economically operated; and physical decay.

No ordinance fixing prices charged for a public service is reasonable which, in addition to the foregoing elements, does not allow to the investors a fair return on the money invested in the enterprise, with due regard to the nature and hazards of the business. Cases *supra*.

The earlier leaning of the courts toward the doctrine that the legislative power to fix rates stops only at confiscation has been supplanted by the rule that rates must be reasonable, that is, such as to earn a fair, just and adequate income on the investment. Cases *supra* and *Atlantic Coast Line* v. *Nor. Car. Corp. Comm.*, 206 U. S. 1; *C., B. & Q. Ry. Co.* v. *Chicago*, 166 U. S. 226; *Covington & L. Turnpike Rd. Co.* v. *Sandford*, 164 U. S. 578; *C., M. & St. P. Ry.* v. *Minnesota*, 134 U. S. 418; *Munn* v. *Illinois*, 94 U. S. 141; *Central R. Co.* v. *Railroad Commission*, 161 Fed. Rep. 995; *Southern Pac.* v. *Board*, 78 Fed. Rep. 265; *Allnutt* v. *Inglis*, 12 East, 527; *Des Moines* v. *Water Works Co.*, 95 Iowa, 348; *Water Co.* v. *Cedar Rapids*, 118 Iowa, 234.

The rule that the fair return must not be less than the legal rate of interest is justified on reason and authority. Cases *supra* and *Pennsylvania R. R. Co.* v. *Philadelphia County*, 220 Pa. St. 115; *Chicago Traction Co.* v. *Equalization Board*, 114 Fed. Rep. 561; *Louisville & N. R. Co.* v. *Brown*, 123 Fed. Rep. 951; *Milwaukee Elec. R. & L. Co.* v. *Milwaukee*, 87 Fed. Rep. 585; *Southern P. Co.* v. *Railroad Comrs.*, 78 Fed. Rep. 261; *Jamaica Water Supply Co.* v. *Tax Comrs.*, 128 App. Div. 13; *International Bridge Co.* v. *Canada Sou. R. Co.*, 7 Ont. App. Rep. 226, aff'd L. R. 8 App. Cas. 723.

It is not enough that something is earned for the stockholders. They are entitled to fair compensation. Cases *supra*.

To deprive the plaintiff of a fair and reasonable earning capacity, such as the citizen enjoys, as to his money and as to all types of his property, is to deprive it of the equal protection of the laws. *C., M. & St. P. Ry. Co.* v. *Minnesota,* 134 U. S. 418.

The State may be said to have appropriated the gas plant to public use. For the appropriation it is bound to make a just, fair and reasonable compensation. *Water Co.* v. *San Diego,* 62 Am. St. Rep. 261.

The question as to rate of income is what rate of dividends would induce prudent men to invest in stock of the company representing the real value of the property as a going business. *Willcox* v. *C. Gas Co.,* 212 U. S. 19.

It is proper to apply the prescribed rate to the past experience of the company, taking into consideration the increased cost of operation after the time when the new rate is applied. *Seaboard Air Line Ry. Co.* v. *R. R. Com.,* 155 Fed. Rep. 792.

Annual income of 4.41 on value of property or 3.30 per cent on stock after deducting fixed charges is unreasonably low. The compensation should be for the real substantial value employed, and no legislation can diminish by one jot the rotund expression of the Constitution. *Railroad Co.* v. *Henry,* 8 Nebraska, 170; *Spring Valley Water Co.* v. *San Francisco,* 124 Fed. Rep. 574.

The power to regulate is not the power to destroy, and limitation is not equivalent to confiscation. *C., M. & St. P. Ry. Co.* v. *Minnesota,* 134 U. S. 418; *S. Pac. Ry. Co.* v. *Bd. of Com.,* 78 Fed. Rep. 236.

Whatever the State may do, even with the creation of its own will, it must be in subordination to the inhibition of the Federal Constitution. *Vicksburg* v. *Vicksburg Water Works Co.,* 202 U. S. 453; *Water Co.* v. *Omaha,* 147 Fed. Rep. 7; *S. C.,* 218 U. S. 180; *Railroad Tax Cases,* 13 Fed. Rep. 754.

The state court erred in reducing depreciation to five

cents per M., and in refusing to allow as part of operating expenses the items of interest on bonds and interest on loans. In effect the state court assumed the future earnings of the company would be largely in excess of the amount justified by the evidence and practically held that any return on plaintiff's property is sufficient.

The question as to the competency and legal effect of evidence as bearing upon a question of Federal law is a Federal question. *Dower* v. *Rogers,* 151 U. S. 658; *Mackay* v. *Dillon,* 4 How. 421; *Gelston* v. *Hoyt,* 3 Wheat. 246.

The refusal of the state court to consider a Federal question which is controlling in a case, is equivalent to a decision against the Federal right involved therein. *Des Moines Nav. & R. Co.* v. *Iowa Homestead Co.,* 123 U. S. 552.

It is not necessary that the express language of the opinion should recite that a Federal question has been decided, but it is sufficient for the purpose of the jurisdiction of this court, that the state court by its decisions necessarily adjudicates the defense under the Federal Constitution. *El Paso & N. E. R. Co.* v. *Gutierrez,* 215 U. S. 90; *Wabash R. Co.* v. *Adelbert College,* 208 U. S. 38, 44; *Atchison, T. & S. F. R. Co.* v. *Sowers,* 213 U. S. 15; *Land & Water Co.* v. *San Jose Ranch Co.,* 189 U. S. 179; *Fire Asso. of Philadelphia* v. *New York,* 119 U. S. 110, 120; *Murdock* v. *Memphis,* 20 Wall. 590; *Mallett* v. *North Carolina,* 181 U. S. 589.

The witness was not competent to testify as to cost, depreciation of the plant, or income plaintiff was entitled to earn. *Eastern Tran. Co.* v. *Hope,* 95 U. S. 297; *C., M. & St. P. Ry.* v. *Kellogg,* 94 U. S. 469; *N. Y. E. L. Co.* v. *Blair,* 79 Fed. Rep. 896; *U. P. Ry.* v. *Yates,* 79 Fed. Rep. 584; *Burg* v. *C., R. I. & P. Ry.,* 90 Iowa, 114; *Muldowney* v. *Illinois Central,* 36 Iowa, 473; *Boyle* v. *State,* 57 Wisconsin, 472; 15 N. W. Rep. 827; *Bixby* v. *Ry. Co.,* 105 Iowa, 293; *Dale* v. *Johnson,* 50 N. H. 452; *Mo. Pac.* v. *Finley,* 38 Kansas, 550.

Opinions are never received if the facts can be ascertained and made intelligible to the jury, or if they are such as men in general are capable of comprehending and understanding. Ordinary affairs of life cannot be the subject of expert testimony. Am. & Eng. Encyc. of Law, 2d Ed., Vol. 7, 493; *Graham* v. *Penna. Company*, 12 L. R. A. 293; *Boyle* v. *State*, 57 Wisconsin, 472; 15 N. W. Rep. 827; *N. Y. Elec. Equip. Co.* v. *Blair*, 79 Fed. Rep. 896; *Muldowney* v. *Ill. Cent. Rd. Co.*, 36 Iowa, 473; *C., M. & St. P. Ry. Co.* v. *Kellogg*, 94 U. S. 469; *Kelley* v. *Richardson*, 37 N. W. Rep. 514. See also *Bixby* v. *Railway & Bridge Co.*, 105 Iowa, 293; *Union Pacific Ry. Co.* v. *Yates*, 79 Fed. Rep. 584; *Missouri Pacific* v. *Findley*, 38 Kansas, 550; *Burg* v. *C., R. I. & P. Ry. Co.*, 90 Iowa, 114; *Dale* v. *Johnson*, 50 N. H. 452; *Eastern Transportation Co.* v. *Hope*, 95 U. S. 297.

This court has jurisdiction of the questions raised under the writ of error.

The questions under both constitutional provisions were necessarily involved in the case, and decided adversely to the plaintiff, and it is not necessary that the record should show what errors were relied upon in the Supreme Court of Iowa. *California Powder Works* v. *Davis*, 151 U. S. 389; *Armstrong* v. *Athens Co.*, 16 Pet. 281.

A decision of the Federal question in terms is not essential. If a decision of such question was necessarily involved in the judgment rendered it is not a matter of importance that the state court avoided all reference to the question. *Chapman* v. *Goodnow*, 123 U. S. 540; *Chicago Ins. Co.* v. *Needles*, 113 U. S. 574; *Bell's Gap R. Co.* v. *Pennsylvania*, 134 U. S. 232; *Chicago, B. & Q. R. Co.* v. *Chicago*, 166 U. S. 226; *St. Louis Consol. Coal Co.* v. *Illinois*, 185 U. S. 203.

The record in this case not only discloses that the rights of the plaintiff in error under the Constitution were set up and were expressly denied, but such was the necessary

effect in law of the judgment of the Supreme Court of Iowa. *Appleby* v. *City of Buffalo,* 221 U. S. 524; *Sayward* v. *Denny,* 158 U. S. 180, 183; *Harding* v. *Illinois,* 196 U. S. 78; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, 97.

This court in an action at law has no jurisdiction to review the decision of the highest court of the State upon a pure question of fact, although a Federal question would or would not be presented according to the way in which the question of fact was decided. *Lewis* v. *Campau,* 3 Wall. 106; *Hall* v. *Jordan,* 15 Wall. 393; *Boggs* v. *Merced Min. Co.,* 3 Wall. 304; *Carpenter* v. *Williams,* 9 Wall. 785; *Crary* v. *Devlin,* 154 U. S. 619; *Republican River Bridge Co.* v. *Kansas Pac. Rd. Co.,* 92 U. S. 315; *Martin* v. *Marks,* 97 U. S. 345; *Quimby* v. *Boyd,* 128 U. S. 488; *Dower* v. *Richards,* 151 U. S. 558.

But in a suit in equity in which a trial was had *de novo* in the state Supreme Court, the facts will be reviewed by this court. *Mackay* v. *Dillon,* 4 How. 421; *Almonster* v. *Kenton,* 9 How. 1, 7; *Morland* v. *Page,* 20 How. 522; *Dower* v. *Richards,* 151 U. S. 658; *Pennsylvania Mutual Life Ins. Co.* v. *Austin,* 168 U. S. 685; *Republican River Bridge Co.* v. *Kansas Pac. Rd. Co.,* 92 U. S. 318.

Mr. *James W. Jamison* and *Mr. William Chamberlain,* with whom *Mr. John M. Redmond* was on the brief, for defendants in error.

Mr. JUSTICE HOLMES delivered the opinion of the court.

This is a bill brought by the plaintiff in error to restrain the enforcement of an ordinance fixing ninety cents per thousand cubic feet as the highest price to be charged in Cedar Rapids for gas. As the ordinance was passed in 1906 and had not yet been enforced, the Supreme Court of the State dismissed the bill without prejudice to a later suit after it should have been given a fair test. 144 Iowa,

426. The plaintiff, having specially set up that the ordinance violated the contract clause of the Constitution, (Art. I, § 10), and the Fourteenth Amendment, brings the case here. There is a motion to dismiss, but the constitutional questions appear upon the record and are not so frivolous as to warrant that summary course.

The supposed contract arises from a term in the ordinance under which the plaintiff was granted a renewal of its franchise in 1896. By § 3, "in consideration of the privileges herein granted to said company, it shall furnish to the inhabitants of said city gas for lighting at a price not to exceed $1.80 per thousand feet and 20 cents per thousand cubic feet discount if consumers pay on or before the 10th of each month after consumption," &c. It is admitted that under the laws of Iowa the rate could be changed by the city, but it is argued that the quoted words import a contract that it shall not be changed to such an extent as to make impossible the offer of a discount for prompt payment; that being the cheapest and most efficient way of collecting the price of the gas. The state court assumed that there was no contract in the case, and in discussing what it treated as the sole question, whether the plaintiff would be deprived of a fair compensation for its services, pointed out that the company could secure payment by requiring a deposit in advance or by making other reasonable rules.

We are of opinion that there was no contract on the part of the city that the price should be kept high enough to allow a discount for prompt payment. The general power reserved to regulate rates was limited only by the Fourteenth Amendment. The words relied upon by the plaintiff express its promise in consideration of the privileges granted, not a promise by the city. *Knoxville Water Co.* v. *Knoxville,* 189 U. S. 434, 437. It is true that the contract was in the form of an ordinance, but the ordinance was drawn as a contract to be accepted and it was ac-

cepted by the plaintiff; it contained reciprocal under-
takings, the one in question being that of the plaintiff,
as we have said; and it was subject to the power retained
by the city to regulate rates. That power, it was expressly
provided by the Iowa statute, was not to be abridged by
ordinance, resolution or contract. Code of 1897, § 725,
22 G. A. (1888) ch. 16.

Upon the issue under the Fourteenth Amendment, the
plaintiff argues on the strength of Rev. Stat., § 709, that
the facts are open to reëxamination here. By that section
it is provided that a writ of error to a state court "shall
have the same effect as if the judgment or decree com-
plained of had been rendered or passed in a court of the
United States." It is argued that as the decree of a state
court can be reviewed only by writ of error the foregoing
words give to a writ of error in a chancery case the effect
of an appeal and open the evidence to reëxamination to
the same extent as upon an appeal. A suggestion to that
effect was made in *Republican River Bridge Co.* v. *Kansas
Pacific Ry. Co.*, 92 U. S. 315, 317, but the practice and de-
cisions from an early date have been the other way.
*Egan* v. *Hart*, 165 U. S. 188, 189. *Almonester* v. *Kenton*,
9 How. 1, 7. *Dower* v. *Richards*, 151 U. S. 658, 663. *Gard-
ner* v. *Bonestell*, 180 U. S. 362, 365, 370. *Thayer* v. *Spratt*,
189 U. S. 346, 353. *German Savings & Loan Society* v
*Dormitzer*, 192 U. S. 125, 129. *Adams* v. *Church*, 193 U. S.
510, 513.

But of course findings either at law or in equity may
depend upon questions that are reëxaminable here. The
admissibility of evidence or its sufficiency to warrant the
conclusion reached may be denied; or the conclusion may
be a composite of fact and law, such as ownership or con-
tract; or in some way the record may disclose that the
finding necessarily involved a ruling within the appellate
jurisdiction of this court. Such questions properly saved
must be answered, and, so far as it is necessary to examine

the evidence in order to answer them or to prevent an evasion of real issues, the evidence will be examined. *Kansas City Southern Railway Co.* v. *Albers Commission Co.,* decided February 26, 1912, *ante,* p. 573. For instance in this case the finding of the court that it was not prepared to say that a ninety cent rate was confiscatory may perhaps be taken to have been made subject to the admission that the rate was too low to permit a discount for prompt payment, and if so opens the question whether it was not confiscatory on that account, as matter of law. The plaintiff presents a number of such objections to the decision of the court below, although confused with arguments on pure matter of fact.

It would require a very clear case to warrant the reversal of the decree of a state court which though final in form merely postpones a decision upon the merits for further experience. The present one is far from being such a case. To refer in the first instance to the point just mentioned, we cannot say as matter of law that at ninety cents a thousand feet the company will be unable to collect payment without losses that will amount to a taking of its property. Then again, although it is argued that the court excluded going value, the court expressly took into account the fact that the plant was in successful operation. What it excluded was the good will or advantage incident to the possession of a monopoly, so far as that might be supposed to give the plaintiff the power to charge more than a reasonable price. *Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19, 52. An adjustment of this sort under a power to regulate rates has to steer between Scylla and Charybdis. On the one side if the franchise is taken to mean that the most profitable return that could be got, free from competition, is protected by the Fourteenth Amendment, then the power to regulate is null. On the other hand if the power to regulate withdraws the protection of the Amendment altogether, then the prop-

erty is nought. This is not a matter of economic theory, but of fair interpretation of a bargain. Neither extreme can have been meant. A midway between them must be hit.

In this case the court fixed a value on the plant that considerably exceeded its cost and estimated that under the ordinance the return would be over 6 per cent. Its attitude was fair and we do not feel called upon to follow the plaintiff into a nice discussion of details. We perhaps should have adopted a rule as to depreciation somewhat more favorable to the plaintiff, or, it may be, might have allowed this or that item that the state court struck out, but there is nothing of which we can take notice in the case that could warrant us in changing the result or in saying that the plaintiff did not get as much as it could expect when leave was reserved for it to try again.

*Decree affirmed.*