H. W. EDABURN et al., Appellants, v. CITY OF CRESTON et al., Appellees.

**INJUNCTION: When Writ Lies—Enforcement of Ordinance.** An injunction will not lie to restrain the enforcement of a city ordinance which prohibits the maintenance of gasoline oil filling stations in such manner as to congest the streets with vehicles and thereby obstruct travel.

Headnote 1:   32 C. J. p. 266.

*Appeal from Union District Court.*—A. R. MAXWELL, Judge.

MARCH 10, 1925.

ACTION in equity, to enjoin the enforcement of a city ordinance. A motion to dissolve a temporary injunction issued upon presentation of the petition to a judge of the district court was sustained, and plaintiffs appeal.—*Affirmed.*

*R. Brown, D. W. Harper,* and *Adam Pickett,* for appellants.

*George A. Johnston,* for appellees.

STEVENS, J.—The appellants, seven in number, each own and operate gasoline and air and water filling stations in the city of Creston, with the permission of the city council, previously granted to them or to their predecessors. Except the Collins Oil Company, the gasoline pump of each of them is located on or near the outer edge of the sidewalk, inside the curbing, immediately adjacent to a public street, and is connected with the gasoline or storage tank permanently installed beneath the sidewalk. The pumps are from 12 to 15 inches in diameter, and about 5 feet in height. The storage tanks beneath the sidewalk are filled from wagons, by means of a hose attached to the tank on the wagon and connected with the tank to be filled. In filling the tanks, the tank wagon is parked on the pavement adjacent to the pump. When customers are being served with gasoline, the automobile also stands on the pavement.

Sometime prior to September 15, 1924, the city council of the city of Creston enacted an ordinance making unlawful the maintenance and operation of filling stations located as above, on and after the above date, and providing a penalty of not less than $10 nor more than $100, or confinement in the city jail not to exceed 30 days, for the violation thereof. Each of appellants was notified, by order of the city council, to remove its pumps from the street within a time fixed by the notice. On October 13, 1924, they commenced this action in equity for an injunction to restrain the enforcement of the ordinance. A temporary injunction was issued, but, upon motion of appellees, was dissolved. Plaintiffs appeal from the order and judgment of the court dissolving the temporary injunction.

The validity of the ordinance is assailed by appellants upon two grounds: one, that it was fraudulently enacted; and the other, that the city council did not have authority to order the removal of the filling stations or revoke the licenses granted to appellants, without just cause, or under circumstances of public necessity requiring it. Evidence was introduced by appellees, tending to show that the streets adjacent to the filling stations are at times much congested; and that the service of patrons therein in the manner indicated obstructs traffic; and that the ordinance was enacted to relieve this condition.

The charge that the ordinance was enacted in bad faith upon

the part of the council is without support in the evidence. This being true, we have no occasion to consider the authorities cited by counsel to the effect that ordinances fraudulently passed are subject to review by the courts, and that their enforcement may be enjoined. The case at bar is in no sense analogous to the cases cited and relied upon by counsel, as follows: 1 Dillon on Municipal Corporations (4th Ed.), Section 311; *Kansas City v. Hyde,* 196 Mo. 498 (113 Am. St. 766); *State v. Cincinnati Gas Light & Coke Co.,* 18 Ohio St. 262; *Knapp, Stout & Co. v. St. Louis,* 156 Mo. 343 (56 S. W. 1102); *Parham v. Justices of the Inferior Court,* 9 Ga. 341; *Kirkham v. Russell,* 76 Va. 956; *State v. Gates,* 190 Mo. 540 (89 S. W. 881).

City councils are by statute given control of the streets of municipalities, and it is their duty to maintain and keep them free from obstructions and nuisances. This court cannot pass upon the wisdom, or lack thereof, on the part of the city council of Creston in the enactment of the ordinance in question; nor do we perceive any theory upon which its enforcement can properly be enjoined, upon the record before us. It seems to us that the following decisions of this court are conclusive upon the questions raised by this appeal, and extended discussion thereof would serve no good purpose. *Swan v. City of Indianola,* 142 Iowa 731; *Mettler v. City of Ottumwa,* 197 Iowa 187; *Central L. A. Soc. v. City of Des Moines,* 185 Iowa 573; *Emerson v. Babcock,* 66 Iowa 257; *Callahan v. City of Nevada,* 170 Iowa 719.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.