LEÓ H. HIRSCH, Appellant, v. CITY OF MUSCATINE et al., Appellees.

No. 46170.

June 15, 1943.

Thompson & Thompson and Hanley & Hanley, all of Muscatine, for appellant.

Robert K. Stohr, Harold E. Wilson, L. A. Crull, and Hugh E. Chance, all of Muscatine, for appellees.

WENNERSTRUM, J.—Plaintiff, in an action in mandamus, seeks to require the city council of the defendant city and its engineer to issue to the plaintiff a building permit for the erection of a storage building and garage. The city engineer did not refuse the issuance of a permit, but, by virtue of a city ordinance, plaintiff's application was referred to the city council. The council refused to grant the permit and plaintiff's action in mandamus was thereafter brought. After trial and upon consideration of the issues involved, the trial court found for the defendants and the plaintiff has appealed.

The City of Muscatine is one of the special-charter cities of this state. One of the city ordinances of that city that is involved in the present litigation was adopted on December 16, 1926, and is, in part, as follows:

"Section I. That the city engineer shall issue no building

permit for any building or construction within the residence district of the City of Muscatine, Iowa, to any architect, contractor or any other person; except after the same has been referred to the city council of Muscatine, Iowa, at its regular semi-monthly meeting; unless the building or construction be such as a church, residence, school, private garage or other buildings for similar purposes.''

The evidence discloses that the plaintiff, through his agent, first made an oral application to the city engineer of the City of Muscatine for a building permit to construct a frame building to be used as a private garage and storage place. There is evidence that on the property involved in the present litigation there had heretofore been operated a button-cutting enterprise; that the plaintiff was operating or contemplated the carrying on of a similar business and planned to use a portion of the proposed building for the storage of shells. One of the witnesses testified that in the immediate neighborhood of the property in question the several properties were used both for business and residential purposes. The city engineer testified that in the area included in the restricted residence district established by an ordinance adopted after plaintiff's written application for a building permit was submitted to the city council and denied the buildings were approximately ninety to ninety-five per cent residential.

The city engineer refused to issue the permit upon plaintiff's oral application but advised plaintiff's agent that he would refer it to the city council. This application was given consideration by that body but they failed to take any action. Thereafter, the plaintiff, through his agent, presented and filed with the city engineer a written application asking for a building permit. The city engineer did not act on this application other than to refer it to the city council. Upon presentation of the plaintiff's written application to the council that body refused to direct the issuance of a permit but proceeded to give consideration to a proposed ordinance for the creation and establishment of a restricted residence district, which would include plaintiff's property. This restricted-residence-district ordinance was thereafter adopted by the city council. This ordinance is not involved

in this present litigation because plaintiff's motion to strike all reference to this later ordinance was sustained and the city has not appealed. However, prior to the enactment of this last-referred-to ordinance plaintiff instituted the present action in equity against the defendants, wherein he sought a writ of mandamus directed to the city engineer and the members of the city council for the purpose of compelling them to issue or cause to be issued to the plaintiff a building permit. He claimed in his petition that under the facts and circumstances the city officials, in denying his application, were acting in an arbitrary, willful, capricious, and unlawful manner. The trial court refused to issue the writ of mandamus and dismissed plaintiff's petition.

It is the contention of the plaintiff that the trial court erred in holding that the defendant city engineer was possessed of quasi-judicial functions under and by virtue of the ordinance and that the city engineer has no authority to pass on the question whether or not the site of the proposed structure was or was not within the residential part of the city. It is further contended that the ordinance in question neither defined nor fixed the boundary line or lines of a residential part of the city, and that because the ordinance so failed to so designate the boundary of a residence district the city engineer and the city council were given unlimited power to decide and determine the location of such district. Plaintiff further contends that the action of the city engineer and the city council in refusing to grant to him the permit for the erection of a proposed building is illegal, arbitrary, discriminatory, and void.

█ I. The question is thus presented whether the city engineer in the first place had the right and authority to determine if the site of the proposed structure for which a building permit was sought was within a residential district and was not a church, residence, school, or a private garage. . Reference to the ordinance which is under consideration discloses that the "city engineer shall issue no permit * * * within the residence district * * * except after the same has been referred to the city council * * * unless the building or construction be such as a church, residence, school, private garage or other buildings for similar purposes." There is no question raised that the pro-

posed building is not a church, residence, school, or a private garage. Consequently, if the proposed building was within the residence district and was not a church, residence, or a private garage, under the ordinance in question the city engineer would be required to refer an application for a building permit to the city council. Did the city engineer have the right to determine what was the residence district of the city? It should be kept in mind that at the time of the submission of both applications there was no restricted residence district.

Special charter cities are given authority under section 6720 of the 1939 Code "to make and publish * * * ordinances * * * to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of such cities and the inhabitants thereof * * *." This is similar to section 5714 of the 1939 Code, which is applicable to municipal corporations generally. Ordinances of the character adopted by the defendant city are within the police power of municipalities. Cecil v. Toenjes, 210 Iowa 407, 412, 228 N. W. 874. But it has been suggested that the ordinance under consideration did not give the city engineer and city council the right to determine the applicability of the ordinance to the particular facts and circumstances here involved in that no definite district is under consideration.

We said in Marquis v. City of Waterloo, 210 Iowa 439, 445, 446, 228 N. W. 870, 872:

"Other courts have held that a failure to prescribe rules and regulations to govern the city council in granting or refusing permits does not invalidate the ordinance."

In this last-cited case numerous citations are noted and pertinent quotations are set forth in support of the right of a city council to act as it did in the instant case. It is unnecessary to again set out these quotations but their application to the present situation is quite apparent.

II. Courts do not have the power or right to pass upon the wisdom or sound judgment, or lack thereof, on the part of the city council in enacting an ordinance or granting a permit thereunder. Yeanos v. Skelly Oil Co., 220 Iowa 1317, 1321, 263

N. W. 834; Edaburn v. City of Creston, 199 Iowa 669, 671, 202 N. W. 580. What the city council did in the present case was within the police powers given it under the statute and courts cannot control their action unless there has been an abuse of discretion. We do not find that there has been an abuse of discretion in what the city engineer and city council did.

III. The trial court, in the ruling filed by it, held that the city engineer and city council did act upon the application for a building permit and that their action cannot be reviewed in a mandamus proceeding. In this ruling the trial court was correct. Mandamus proceedings cannot be used to direct a public official or a public body to act a certain way. A court cannot in a mandamus proceeding control discretionary decisions of public officials. Griebel v. Board of Supervisors, 200 Iowa 143, 146, 202 N. W. 379, 380, and cases cited.

The trial court limited its decision to the question whether a mandamus proceeding was the proper action. We have commented thereon and on the further question as to the right of the city engineer and city council to act as they did under the ordinance involved. By reason of our prior comments and the trial court's ruling, we do not deem it necessary to here review the ordinance relating to a specific restricted residence district created by a later ordinance and other issues raised by the pleadings.

We have concluded that the trial court should be affirmed. —Affirmed.

GARFIELD, C. J., and OLIVER, MANTZ, SMITH, MILLER, BLISS, and MULRONEY, JJ., concur.