Roy L. Pell et al., appellants, v. City of Marshalltown, appellee.

No. 47539.

(Reported in 40 N.W. 2d 53)

DECEMBER 13, 1949.

Roy L. Pell and Joe B. Tye, both of Marshalltown, for appellants.

J. D. Robertson, of Marshalltown, for appellee.

HALE, J.—On September 13, 1948, the Iowa Electric Light & Power Company which held a franchise for the distribution and sale of gas throughout the municipality of Marshalltown filed with the city council an application for an increase of rates for the sale of gas to the citizens. The proposed amendment to the gas ordinance was submitted for its first reading on September 13, 1948, and referred to a committee consisting of three members of the council. On October 11, at the next meeting of the

council, resistance and objections to the proposed amendment to the gas ordinance were filed by the plaintiffs and read aloud in open council meeting. Between the dates of September 13, 1948 and October 11, 1948, an investigation was conducted by the committee who recommended the passage of the amendment to the gas ordinance, and such amendment was adopted by the council.

The new ordinance adopted was as follows:

"Section 1. That the ordinance entitled 'An Ordinance Establishing and Fixing Rates for Gas for Lighting, Heating, Cooking and Other Domestic and Industrial Purposes and Prescribing Penalties for Violation,' which ordinance is found in the volume entitled 'Revised Ordinances, City of Marshalltown, Iowa, 1937' commencing at page 63 thereof, be and the same is hereby amended by striking all of Schedule 'A' from Section 1 thereof and by substituting in lieu thereof a new Schedule 'A' as follows:

" 'SCHEDULE A

" 'REGULAR GAS SERVICE RATE

" 'Available for any regular gas service through one meter for one establishment.

" 'One and 13/100 Dollars ($1.13) for the first 700 or less cu. ft. used per billing month

" 'One and 41/100 Dollars ($1.41) per thousand cu. ft. for the next 1,300 cu. ft. used per billing month

" 'One and 13/100 Dollars ($1.13) per thousand cu. ft. for the next 23,000 cu. ft. used per billing month

" 'One Dollar ($1.00) per thousand cu. ft. for all gas used per billing month in excess of the first 25,000 cu. feet.

" 'The rates are net. To avoid discrimination and to cover the extra cost of collecting delinquent bills, bills not paid within ten (10) days after rendition may be increased ten per cent (10%) on the first Ten Dollars ($10.00) and two per cent (2%) on amounts in excess of the first Ten Dollars ($10.00).'

"Section 2. All ordinances or parts of ordinances in conflict herewith are hereby repealed."

On October 14, 1948, the ordinance was published. On October 16 plaintiffs filed their petition in this action, and on October 20 filed amendment thereto.

The petition as amended, in substance, alleges that no competent or proper investigation was made and the city council

in failing to fulfill its legislative duty, by conducting a more thorough and complete investigation, acted illegally and the ordinance so enacted was illegal and void in the form adopted, which was as follows:

"1. 'That any person, firm or corporation selling or furnishing gas for lighting, heating, cooking for domestic or industrial purposes to consumers in the City of Marshalltown, Iowa, shall charge therefor a rate not in excess of the rate set out in Schedule A below.'

"2. 'Such firm or corporation may enter into contracts with consumers at other and different rates than those set forth herein, provided all consumers desiring service under similar conditions shall have the privilege of making similar contracts.' "

The two paragraphs quoted above are in the original ordinance; the second ordinance amending schedule A only.

The petition further asks that the city and its officers be enjoined from enforcing the ordinance; that the action of the city council in refusing a public hearing be declared null and void and that a mandatory injunction issue, requiring the city council to perform their legislative duty in ascertaining the facts and determining a proper gas rate.

Defendant answered denying the material allegations of plaintiffs' petition and by separate division and for further answer stated that the petition failed to state a claim upon which any relief as prayed by plaintiffs could be granted; that the matters and things herein set forth did not entitle plaintiffs to any relief; that the essence of the petition was to ask for judicial interference in a legislative process; that the petition failed to allege any facts showing any exercise of legislative authority by the city council other than as are specifically delegated by the laws of the State of Iowa to said council and that the petition on its face showed that the city council did nothing beyond its lawful powers in the exercise of an express power granted by the laws of the State of Iowa, and particularly by section 397.28 of the 1946 Code of Iowa.

The court on application of defendant held a hearing upon the law points only. In this appeal the ruling of the court is attacked on various grounds, all of which may be grouped in

two divisions: First, the holding of the court as to jurisdiction, and second, whether or not the amendment was void because it attempted to amend a void ordinance. From this statement of the points in issue the court held that the petition fails to state a claim in which any relief prayed for by the plaintiffs could be granted.

The court in its separate adjudication of law points held that the essence of plaintiffs' petition is that it asks for judicial interference in the legislative processes; that the petition fails to allege any facts showing exercise of legislative authority by the city council other than is expressly delegated by the laws of Iowa to the city council by section 397.28 of the 1946 Code of Iowa, or any act by the city council beyond its expressly granted powers. The court recites the action of the city council in granting the gas franchise and the terms of plaintiffs' complaint, and the further fact that no objection is made in the petition to the reasonableness of the rates so fixed, nor was it claimed in the petition that if the council had conducted the hearings and made a full investigation of the facts the rate would have been different from the rate established.

I. The hearing, as stated, was upon the law points as presented by defendant's answer. It should be noted that plaintiffs' petition does not attack the reasonableness of the rates established by the ordinance. It merely attacks the proceedings in adopting the ordinance establishing rates. Neither do the plaintiffs complain of the result of the action of the council. The council acted under the authority granted in section 397.28, Code, 1946, which is as follows:

"They shall have power to require every individual or private corporation operating such works or plant, subject to reasonable rules and regulations, to furnish any person applying therefor, along the line of its pipes, mains, wires, or other conduits, with gas, heat, water, light, or power, and to supply said city or town with water for fire protection, and with gas, heat, water, light, or power for other necessary public purposes and to regulate and fix the rent or rate for water, gas, heat, light, or power; to regulate and fix the rents or rates of water, gas, heat, and electric light or power; to regulate and fix the charges for water meters, gas meters, electric light or power meters, or other

device or means necessary for determining the consumption of water, gas, heat, electric light or power, and these powers shall not be abridged by ordinance, resolution, or contract."

The restriction upon this power so granted by the legislature is that the rates established by the council shall be reasonable and not confiscatory. Within this restriction the power of the council as so delegated is legislative and not within the court's control. Knotts v. Nollen, 206 Iowa 261, 218 N.W. 563, and cases cited; Cedar Rapids Gas Light Co. v. City of Cedar Rapids, 144 Iowa 426, 120 N.W. 966, 138 Am. St. Rep. 299, 48 L. R. A., N. S., 1025 (223 U. S. 655, 32 S. Ct. 389, 56 L. Ed. 594).

However, the method by which the council derives its results is not provided for by the statute. Plaintiffs complain in their petition of such methods and that the council did not give proper consideration in its rate-making capacity to the study of the rates and should have provided for a public hearing, but considering the fact that no complaint was made by plaintiffs that the rates were too high or unfair we see no reason for any objection as to the manner in which the council arrived at the rates. A committee was appointed and reported, but how the members of the council arrived at their information in regard to the rates, or what information they had as individuals is, of course, not shown, and for the purpose of the inquiry would be immaterial since no objection is made to the results of their rate-fixing duty. As a general rule, the acts of a municipal corporation which are within its power are not subject to judicial review unless there is a manifest and palpable abuse of power, and it is well-established that the motives of the council acting in its legislative capacity cannot be inquired into. 62 C. J. S., Municipal Corporations, section 199, page 372; id., section 200, page 376. In the present case, in exercising a power expressly authorized by statute the council has a discretion, and so far as it does not act oppressively or unreasonably under that power courts are powerless to interfere with that discretion. The case of Swan v. City of Indianola, 142 Iowa 731, 739, 121 N.W. 547, cited by defendant, supports this rule, as do many other cases, and it seems to be an established rule of law.

"In accordance with settled principles applicable to legislative enactments, questions of policy contained in municipal

ordinances must be determined by the municipal legislative authorities, such as the municipal council, and not by the courts, and the ordinances are not subject to review and invalidation because the courts disagree with the policy pursued. Similarly, questions as to the expediency of ordinances are for the municipal legislature and not for the courts to determine.

"In accordance with general principles applicable to legislation, the rule is well settled that the courts have nothing to do with and are not concerned with the wisdom of municipal ordinances, such as police power measures. If a municipality has the power to enact an ordinance, the wisdom of such action is not subject to review in the courts. Moreover, whatever may be thought or said of the wisdom of an ordinance is immaterial in determining whether it is reasonable or unreasonable. The same principles apply to questions of propriety of ordinances. Although the court may disagree as to the propriety of the legislation, unless it plainly and beyond all question exceeds the power there should be no judicial interference." 37 Am. Jur., Municipal Corporations, sections 184 and 185.

Among the many authorities supporting the general rules set out above we cite the following as indicating the view of the courts generally:

"Courts do not have the power or right to pass upon the wisdom or sound judgment, or lack thereof, on the part of the city council in enacting an ordinance or granting a permit thereunder." Hirsch v. City of Muscatine, 233 Iowa 590, 594, 10 N.W. 2d 71, 73. Citing cases.

"It is said by our highest judicial authority that 'the judiciary ought not to interfere with the collection of rates established under legislative sanction, unless they are so plainly and palpably unreasonable as to make their enforcement equivalent to the taking of property for public use without such compensation as, under all the circumstances, is just to both the owner and the public; that is, judicial interference should never occur unless the case presents clearly and beyond all doubt such a flagrant attack upon the rights of property under the guise of regulations as to compel the court to say that the rates prescribed will necessarily have the effect to deny just compensation for

private property taken for public use.' " Cedar Rapids Water Co. v. City of Cedar Rapids, 118 Iowa 234, 259, 91 N.W. 1081, 1090.

"It was within the province of the commission to prescribe a schedule of rates. This power necessarily implied on the part of the commission a right to exercise a certain range of discretion, and so long as this discretion was kept within the authority conferred by the Legislature, and the rates fixed are not so low as to violate the company's property rights under the Constitution, it was and is the duty of this court to refrain from interference with the rates adopted. It has no power to review, revise, or correct the order fixing rates. It has no authority to substitute its judgment for that of the commission, and it cannot interfere with the collection of the rates complained of, 'unless they are so plainly and palpably unreasonable as to make their enforcement equivalent to taking property for public use without such compensation as under all circumstances is both just to the company and to the public.' " Reno Power, Light & Water Co. v. Public Service Comm., 300 F. 645, 653. Citing cases.

"The function of the courts is merely to ascertain whether the power has been carried beyond the constitutional limits so fixed; and, if such be found to be the case, to declare the acts of the council void. They do not sit as appellate tribunals to review the correctness of the council's determination, nor need they know anything about the evidence on which that body has acted. All that they have to consider is, whether, in a given case, the result of the council's action will be to take the property of the complaining party without just compensation. That is a mixed question of fact and law, to be decided by the court upon the evidence produced before it." San Diego Water Co. v. City of San Diego, 118 Cal. 556, 564, 50 P. 633, 635, 38 L. R. A. 460, 62 Am. St. Rep. 261.

As indicated by the foregoing, we are satisfied that the court in its hearing on law points was correct in its holdings; that the pleadings of plaintiffs failed to show any grounds for action by the court; that the action of the council was a legislative process and not subject to control by the court.

There was no complaint of the rates being confiscatory or unreasonable. The mere fact of the manner of adoption, or the passage of the ordinance without the formalities demanded by

the plaintiffs, when there is no legislative requirement or regulation as to any particular form, will not support the plaintiffs in their petition. There can be no valid complaint on the ground that the council did not follow any prescribed or established form of procedure when the results of their efforts are not complained of. How the council arrived at such results in the absence of any complaint of unreasonableness is a matter of their own choice.

II. Plaintiffs complain that the court erred in holding the plaintiffs were not entitled to relief based on the averment that the amendment was void because it attempted to amend a void ordinance, for that section 1 of the original ordinance does not fix an absolute rate to be charged, but does provide for a rate not in excess of the rate set out. We cannot see the force of plaintiffs' argument. The original ordinance, in section 1, provided that the corporation selling or furnishing gas should charge therefor a rate not in excess of the rate set out in the schedule below, and the amending ordinance, by schedule A, adopted and fixed these rates. Section 2 of the original ordinance states such firm or corporation may enter into contracts with consumers at other and different rates than those set forth herein, provided all consumers desiring service under similar conditions shall have the privilege of making similar contracts. These sections secure to all consumers equal treatment, and there is no showing that this rule was violated.

The ordinance adopted seems to comply with the rules, and according to the authority delegated by the legislature, and no question of illegal contracts under it is raised in the pleadings of the case. The court is supported in its order in this respect by the rulings in the cases of In re Estate of Ransom, 219 Iowa 284, 258 N.W. 78, and Incorporated Town of Mapleton v. Iowa Public Service Co., 209 Iowa 400, 223 N.W. 476, 68 A. L. R. 993.

III. The district court in its ruling on the law points held that they disposed of the case. We hold to the same effect, that the ruling on jurisdiction under the circumstances of this case disposes of other issues and renders further action by the court unnecessary. Plaintiffs' petition is dismissed and the ruling of the trial court is therefore affirmed.—Affirmed.

All JUSTICES concur.