THE CITY OF CEDAR RAPIDS, Appellant, v. JAMES C. YOUNG.

Injunction; HIGHWAY: DEDICATION: EVIDENCE.    Where land  is
1   continuously used as a highway for the statutory period with
    the knowledge of the abutting property owners, and at various
    times attempts are made to improve the same, the public
    acquires a permanent easement to use the land as a highway.
    Evidence considered and held sufficient to establish a dedication.

Payment of Taxes: ESTOPPEL.    The  fact   that   defendant
2.  and his grantors have paid taxes on certain fractional lots,
    designated by number, and there is no showing that the high-
    way covers all or a considerable  portion of such lots, does not
    ·estop the city from claiming the land so.used as a  street.

*Appeal from Linn  District  Court.*—HON. WM. G. THOMP-
SON,  Judge.

MONDAY, FEBRUARY 9, 1903.

ACTION in equity to enjoin defendant from obstructing
a street in plaintiff city.    Decree for defendant, from
which plaintiff appeals.—*Reversed.*

*John N. Hughes* for appellant.

*John A. Reed* and *W. E. Steele* for appellee.

McCLAIN, J.—In the absence of  any  reproduction in
the abstract of any of the maps or plats referred to in the

·evidence (save a plat at the end of appellee's amendment
to the abstract, which is not, so far as we can see, referred
to in the record itself, and does not purport to be a repro-
·duction of any plat properly in the record), we are com-
pelled to determine this case largely on the view of the
evidence which is taken by the counsel for the two parties,
respectively.    We think, however, that we shall have
no difficulty in stating facts . practically conceded by
both parties, on which a conclusion may properly be
reached.

The evidence shows that ever since 1840 there has
been a traveled public highway from Cedar Rapids south-
ward, corresponding with second and J streets in West

1. HIGHWAY     Cedar Rapids.    J street runs diagonally
dedication;
evidence.      through a tract of land which originally con-
stituted the east one-half of block 29 in May, Fero & Gay-
nor's addition, and defendant claims title to the portions
of the lots of that block east of J street.    Up to 1897 this
road was continuously used as a public highway, although,
by reason of the fact that at the point in question it runs
through low land, it was sometimes impassable, and persons
desiring to pass along the course of this general road drove
to one side or the other, on higher land; the road at this
place not being bounded by fences.    However, from time
to time attempts were made to improve the road at this
particular place; stone being thrown in, and the center
of the road raised, to some extent, above the ditches at
the sides.    In 1897 defendant erected a fence in front of
his land, in the middle of the highway, as before traveled,
and inclosed the portion abutting on his lots; thus making
a jog in the road, and leaving a narrower strip in front of
his premises than that occupied by the road on either side
of him.    His contention is that there is no platted high-
way adjoining his lots, and that there has been no such
dedication or prescriptive use as to give the public a right
to pass along this road.    We think it is not necessary here

to go into a discussion of the law of dedication and prescription, as applied to highways. It is enough to say that if the evidence shows that a definite way was occupied and used by the public from before the time this land was surveyed, up to 1897, and that during this time such highway was worked as a public highway, there cannot be the slightest doubt that the public had acquired an easement which no abutting property owner could interfere with. Prior to the adoption of section 2031 of the Code of 1873, which is now section 3004 of the present Code, it was held that by use of land as a highway for the statutory period of limitation, and with the knowledge of the owner, the public would acquire an easement, a dedication being presumed. *Onstott v. Murray*, 22 Iowa, 467. There is no question, in our judgment, that, under the evidence, what is now platted as J street was used for many years—certainly for more than ten years—as a public highway, before the Code of 1873 went into effect. The abutting property owners were in possession and occupation of their lands, and knowledge of the public use must be assumed. Even under the statutory provision above referred to, use, with the knowledge of the owner, for the statutory period of limitation, has been held admissible as tending to show a dedication. *Hanger v. City of Des Moines*, 109 Iowa, 483; *Burlington, C. R. & N. R. Co. v. City of Columbus Junction*, 104 Iowa, 110; *Duncombe v. Powers*, 75 Iowa, 189. And see Elliott, Roads & Streets, section 123.

The evidence shows, without question, sufficient acceptance of the highway as a street; and, with dedication and acceptance fully established, there seems to be no merit in defendant's claims. It is said, however, that defendant and his grantors have been taxed on the strip of land covered by the highway, and that the city is thereby estopped from claiming any right thereunder as against defendant; but there is no merit in this contention. All that the record

2. SAME; payment of taxes estoppel.

shows by way of taxation is that defendant and his his grantors have paid taxes on certain fractional lots, designated by number, and there is no claim that the highway covers all, or a considerable portion, of the fractional-lots thus designated. These lots were property taxed, therefor, to defendant and his grantors, irrespective of whether a portion thereof was used as a highway or street. It is only where the taxes are specifically assessed on the land occupied by a street that any question of estoppel can arise. It is not necessary that we should now review the cases on the subject.

The decree of the lower court is REVERSED.