T. B. PERRY, Appellee v. B. P. CASTNER, ET AL., Appellants.

Sidewalks: OBSTRUCTION: OPEN STAIRWAYS. A sidewalk is a part of a public street and the owner of a building must construct the stairway from the street to the basement in such a manner that the incidental and resulting burdens from the use thereof, will, so far as practicable, fall upon the property to which it is appurtenant.

*Appeal from Monroe District Court.*— HON. ROBERT SLOAN, Judge.

WEDNESDAY, JUNE 6, 1906.

THE opinion states the case.— *Affirmed.*

*A. C. Parry* and *D. M. Anderson,* for appellants.

*T. B. Perry, pro se.*

WEAVER, J.— This action was brought in equity to restrain the defendants from using a part of the sidewalk upon a public street in Albia, Iowa, for the purposes of an entrance to the basement of a building fronting upon said street. This case was before us upon a former appeal from a ruling of the trial court sustaining a demurrer to plaintiff's petition (see *Perry v. Castner,* 124 Iowa, 386), and to that opinion we refer for a more extended statement of the material facts. On being remanded, issue was taken upon the petition, and upon trial on the merits there was a decree in plaintiff's favor, requiring defendants to so change or move the opening in the walk as to leave not less than thirty-two inches between the head of the basement stairway and the line of the plaintiff's property, thus casting the burden of the landing entirely upon the sidewalk in front of the defendant's building. From this decree the defendant's appeal.

Recognizing the rule that the decision upon the first appeal must be regarded as settling the law of the case, counsel for appellants devote their argument chiefly to the fact proposition that the opening and stairway in the sidewalk as constructed and maintained by them are not a burden or source of injury to the property of appellee. Without stopping to set out the testimony, we have to say that upon this question we are disinclined to disturb the finding of the court below. The substance of the decision on the former appeal is that while the city may, within reasonable limitations, authorize the owner of a building abutting upon a sidewalk to maintain an opening through such walk for a stairway to the basement, yet it cannot authorize the construction or maintenance of a stairway so located that the walk of the adjacent owner is made to serve as a

landing therefor to his injury. Assuming that this rule must obtain for the purposes of the present controversy, we think the record fairly shows the plaintiff entitled to the relief demanded.

The fact, which counsel urge upon our attention, that no part of the opening or stairway in the sidewalk is upon or immediately in front of the appellee's property is not necessarily decisive of the rights of the parties. The sidewalk, wherever located, is a part of the public street, and the abutting owner has no right to put that part of it which fronts his property to a private use which operates injuriously to the property of his neighbor. Stairs to a basement in which barber shops, restaurants, or other business places are maintained are ordinarily much used. It is also a matter of common observation that such landings, especially those guarded by a convenient rail, often serve as rallying points where considerable numbers of people gather for the discussion and settlement of questions of state. With the opening extending up to the line of the adjacent property, the burden of these and other resulting annoyances must be borne to a great extent by those who receive no benefit from the stairway. These stairways being at best an encroachment upon the street permitted solely for the convenience and benefit of the abutting owner, there is no injustice in requiring that they shall be so constructed and maintained that the incidental and resulting burdens shall, so far as is practicable, be borne by the property to which they are appurtenant. The testimony as well as the conceded facts concerning the location and condition of the respective lots, the improvements thereon and the uses for which they are designed, fairly sustain the appellee's claim.

The modification or change in the stairway as ordered by the decree appealed from is neither unreasonable nor oppressive, and it is therefore *affirmed*.