WILLIAM CALLAHAN, Appellee, v. THE CITY OF NEVADA, Appellant.

MUNICIPAL CORPORATIONS: Public Streets—Use for Private Purpose—Permit or License—Revocability. Licenses or permits to use portions of a public street for private purposes are revocable, irrespective of the necessity or convenience of the private party. A public street, the title to which is in the municipality, is held in trust for *public* uses only.

PRINCIPLE APPLIED: A two-story building with basement, facing east on a corner lot in the main part of the city, was built in 1893, with an areaway or stairway *in the street,* both on the east and on the south of the building. Both afforded access to the basement, and the one on the east also afforded light to the basement, and was guarded with iron railing. The owner, apparently, did not obtain the consent of the city, nor did the city, apparently, enter any objection. Twenty years later, the city adopted an ordinance regulating areaways and the like, and providing for the revocation of permits therefor. The city afterwards closed the east areaway, only. *Held,* the city was within its rights.

*Appeal from Story District Court.*—HON. R. M. WRIGHT, Judge.

WEDNESDAY, JUNE 23, 1915.

SUIT in equity to enjoin the defendant city from closing an area or open stairway leading to a barber shop in plaintiff's building, which building abuts upon a business street in the city of Nevada. The trial court, upon the issues joined, granted the prayer of the petition, and the city appeals.—*Reversed and Remanded.*

*J. R. Larson* and *C. G. Lee,* for appellant.

*E. H. Addison,* for appellee.

DEEMER, C. J.—Plaintiff is the owner of a two-story and basement brick building, fronting upon the main business street of the city of Nevada. The lot upon which the building was erected is a corner one, Linn Street being in front of the building, and Second Avenue North being on the south side thereof. The building was erected in the year 1893, and in the basement, a room was fitted up for a barber shop. To this shop, there were two outside entrances; one on Second Avenue North, extending something like two feet and six inches into the street, and the other to the east, extending into Linn Street about three feet. The areaway at the front was eight or ten feet in length, and as the ceiling of the basement was but seventeen inches above the walk, the front areaway was used for light, as well as for an entrance to the building. The front areaway was protected on the sides by iron bars.

1. MUNICIPAL CORPORATIONS: public streets: use for private purpose: permit or license: revocability.

In the year 1913, the defendant city passed an ordinance, from which we extract the following:

"Section 1. Encroachment. No person, firm, or corporation shall create, construct or maintain upon or under the surface on any street, avenue or alley in this city, any chimneys, stairways, platforms, steps, areas, railings, grates, vaults, coal or boiler rooms, or any other encroachments of a

private or fixed character, unless written permit is granted to the owner of said property, by the City Council to maintain or construct the same.

"Section 2. Permit. No permission shall be granted or issued for any of the encroachments named in section one hereof, until plans for same complete in detail, shall have been filed with the City Council, and approved by said council and the City Engineer. All permits shall be in writing signed by the City Clerk and the City Engineer upon order of the City Council, said permit shall contain the name of the person, firm or corporation procuring the same, the date issued, the number, size and location of such encroachment as permitted, and also an agreement signed by such person, firm or corporation procuring the same, to hold the city safe from any and all damage which may be caused or occasioned by the construction of said encroachment.

"Section 5. Inspection. The committee on streets, avenues, or alleys is authorized to inspect at any time, the different encroachments mentioned in this ordinance, and to place in any area, vault or boiler room, or coal room, any pipes or conduits for carrying electric wires, gas or water, or to alter, extend, or repair such pipes or conduits; but such pipes or conduits shall at all times be placed so as to interfere as little as possible with the use of such areas or vaults, and the committee on streets, avenues and alleys is also authorized to enter said areas, coal or boiler rooms or vaults for any and all purposes connected with the legitimate use of such streets, avenues, or alleys.

"Section 6. Revocation of Permit. Should any encroachment authorized as above set forth, at any time conflict with the right of travel which the general public has in the streets, then and in that case the City Council may revoke any permit granted by the City Engineer and signed by the City Clerk and order the removal of said encroachment."

Plaintiff failed to prove that these areaways were constructed with the express consent of defendant's city council,

but does claim that it never made any objection thereto or asked him to take them out; but in November, of the year 1913, the city closed the areaway in front of the building and cemented it over, even to the extent of going some four inches over the lot line. Before closing the opening, the city told plaintiff that he might put in an illuminated or glass sidewalk where the areaway had been, to give light into the basement, but this the plaintiff neglected and refused to do. Appellee's counsel frankly concedes that, unless such an areaway as the one here involved is such a fair and reasonable use of the street as the law will justify, and permission once given or implied is irrevocable, his client has no case. We shall start with the assumption, although the fact is not expressly shown, that the fee title to the streets in the defendant city is in the municipality; for that is the general rule in this state, the exception being in certain cities organized at an early day under special charters. This title carries with it an obligation to keep the streets in repair, free from obstructions and nuisances, and in a reasonably safe condition for public travel. As a rule, the occupant of an adjoining building has no absolute right to use the street for areaways to afford either access or light; and the doctrine of ancient lights or the right to light or air does not obtain in this state. Cities, in the exercise of their proper functions, may grant a permit for the use of their streets for ingress or egress to floors below the level of the street; but such a permit is revocable at any time in the sound discretion of the proper governing body. *Dubuque v. Maloney,* 9 Iowa 450; *Davis et al. v. Clinton,* 50 Iowa 585; *Emerson v. Babcock,* 66 Iowa 257; *Lacy v. Oskaloosa,* 143 Iowa 704; *Bennett v. Mount Vernon,* 124 Iowa 537; *Kemp v. City of Des Moines,* 125 Iowa 640; *Perry v. Castner,* 124 Iowa 386.

In the *Emerson Case,* supra, it is said:

"The fee title of the streets is in the incorporated town, and no private person has any legal right to erect any struc-

ture therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure or whatever it may be from the street, he has no cause for complaint. He is deprived of no right. If the plaintiff was permitted to maintain his scales in the street for a time, the privilege must be regarded as a mere license, which may be terminated at any time, and it is immaterial whether the erection in the street amounts to a nuisance. It is the duty of the town authorities to keep the streets clear and .unobstructed, and no person has the right to take and hold possession of any part of the streets for any private purpose.''

Again, in *Lacy's Case,* this court said:

''A street is a public way from side to side and from end to end, and any private use thereof which in any degree detracts from, hinders, or prevents its free use as a. public way to its full extent is, within the meaning of the law, an obstruction or incumbrance. (See *Quinn v. Baage,* 138 Iowa 426.) 'The public streets of a city are dedicated to public use and are subject to the control and management of the city council; but that body has no power to alien or otherwise incumber such streets so long as they are public streets, but must hold them in trust for public uses only. . . . A permanent encroachment upon a public street for a private purpose is a purpresture and is in law a nuisance.' . . . A permission to occupy or incumber a street for private purposes must be considered as having been accepted with a full knowledge that the city is without power to confer a permanent right or privilege of that nature.''

Still further, in *Bennett's Case, supra,* we said:

''Conceding *arguendo,* however, that the town gave him permission, or that it impliedly consented to it by standing by and seeing the work done, we have to inquire what rights

it gave him or his grantee in the premises. There is no statute in this state authorizing towns to grant to individuals the right to the use of their streets for private purposes. These municipalities hold the streets in trust for the public and cannot put them to any use inconsistent with street purposes. They have no implied power to grant privileges to use the streets for private purposes.''

These quotations show the trend of our own cases, and they are quite generally followed in other states where the fee to public streets is in the city. *Sears v. City of Chicago*, 93 N. E. (Ill.) 158, 247 Ill. 204; *New York v. Knickerbocker Trust Co.*, 102 N. Y. Supp. 900; *Tacoma Co. v. Chicago*, 93 N. E. 153; *Smith v. Leavenworth*, 15 Kans. 81; *Smith v. McDowell*, 148 Ill. 51; *Deshong v. New York*, 176 N. Y. 475; *Jorgensen v. Squires*, 39 N. E. (N. Y.) 373; *Dell Rapids Merc. Co. v. Dell Rapids*, 75 N. W. (S. D.) 898.

While the title to streets and alleys in this state is as a rule in the municipality, it is in trust for the public, and the city cannot, in the absence of express legislation, do anything which will deprive the public of its paramount rights in the thoroughfares. It may, in its discretion, permit excavations under sidewalks and in its streets which do not interfere with public travel, and exact compensation for the use thereof, and may also license area and cellarways, and doubtless bay windows extending over streets and alleys, provided they do not unnecessarily interfere with the rights of the public; but no such license for a purely private purpose is irrevocable. The same power which grants the privilege may also recall it, and if one enters upon a street without permission and makes excavations therein or erects structures thereover, the governing body may, in its discretion, order the removal of the obstructions or the closing up of the excavations.

As the doctrine of ancient lights does not obtain in this state, and no property owner is compelled, when erecting his building, to afford an abutter either light or air, there is noth-

ing in plaintiff's proposition that the areaway in question should not be closed because it deprives him of light in his basement. It is admitted, both in testimony and in argument, that plaintiff has ample ingress and egress to and from his lot by the other stairway, which also extends into a public street, and no reason exists for preserving to him the use of the other. His counsel, while conceding the rules hitherto stated, contends that, because of the necessities and needs of such areaways in large cities, we should now adopt another rule and uphold the right to such use of the streets and announce the doctrine that such a license once granted is irrevocable when acted upon or when money has been expended upon the faith and belief that the method of entrance and the means of affording light would be permanent.

It is true that in *Perry v. Castner*, 124 Iowa 386, we said that "in the congested portions of large cities, the use of basements is of great value, and the construction of areaways seems to be a necessity." Whatever the rule for large cities, it cannot be made to apply to the case in hand, for the reason that no necessity which the law recognizes for the areaway is shown. It is not needed for access to the basement, and at most was a mere convenience to plaintiff. It may be observed, however, that some courts seem to hold that the larger the city, the more need for the full width of the street unobstructed by openings, bars or other impedimenta. *Jorgenson v. Squires, supra.* Indeed, the testimony of both legislative enactments and judicial decisions is to limit the abutter more and more, especially in the larger cities, where such obstruction tends to interfere with pedestrians in a much traveled street. McQuillan on Municipal Corporations, Vol. 3, Sec. 1343 et seq., and cases cited.

Nothing decided in *Perry v. Castner, supra,* runs counter to these views. On the contrary, in so far as it says anything about the rights of a city to remove such obstructions, it is in line with our holding here. The trial court was in error in granting the decree and the case must be reversed and re-

manded for a decree in harmony with this opinion.—*Reversed and Remanded.*

LADD, GAYNOR and SALINGER, JJ., concur.