GRACE ENNIS METTLER et al., Appellants, v. CITY OF OTTUMWA, Appellee.

**MUNICIPAL CORPORATIONS:** Streets—Removal of Areaways. A property owner who constructs an areaway in a public street under an agreement to remove the same on a specified notice may not prevent removal when the required notice is given, even though the removal will result in material damage to him.

*Appeal from Wapello District Court.*—W. M. WALKER, Judge.

FEBRUARY 5, 1924.

ACTION in equity, to restrain the defendant city from clos-ing an areaway from the street into the basement of an office building owned by plaintiff. Judgment and decree dismissing plaintiff's petition, and he appeals.—*Affirmed.*

*L. L. Duke* and *Roberts, Webber & Roberts,* for appellants.

*William A. Hunt,* for appellee.

STEVENS, J.—This is an action in equity, to permanently enjoin appellee from causing an areaway occupying a portion of a public street in said city, and used in connection with a large six-story bank and office building, to be closed. The basement of the said building is occupied as a barber shop, and the areaway provides the only means of public access thereto. The areaway, which is 4 feet 1 inch in width, including a railing on the outside thereof, and 25 feet 5 inches in length, was constructed in 1905, with the permission of the city council, granted upon the petition of appellant, under authority conferred by the ordinances of said city. At the time permission was granted appellant to construct said areaway in the street, the bank and office building was in process of construction. The ordinances then in force in said city authorized the city council to grant permission to property owners to erect areaways and stairways, but provided that:

"The privilege to erect and use areas or stairways shall be limited to any terms of years the council may deem best, and the right to remove such area or stairways, at the expense of the individuals erecting them, shall be reserved to the city, at the expiration of the time for which such privilege was granted, and if no time is fixed, then by giving six months' notice."

Upon the filing of appellant's petition, a committee of the council was duly appointed, and on March 17th reported, recommending that the petition be granted, subject to the right of appellee to revoke said permission and to cause the opening to be closed, upon first giving six months' notice to appellant of the city's intention to revoke the permission granted and to close the opening on the street. The recommendation of the committee was approved.

On the 26th day of June, 1922, the city council passed a resolution ordering the areaway removed and the opening closed, and providing for a six months' notice to appellant, which was duly given. On April 13, 1923, a further resolution was adopted by the city council, giving appellant ten days' notice in which to comply with the prior notice. Appellant failing to comply therewith, on April 23d the council ordered the opening closed, and that same be covered with concrete, the work to be done under the direction and supervision of the city engineer. This

action was commenced December 22, 1922, and on the same day a temporary writ was issued, which, upon final hearing, was dissolved.

The legislature of this state has confided the control and supervision of all streets of cities and towns to the councils thereof, and has made it their duty to maintain the same free from nuisances and obstructions. Sections 751, 753, and 792, Code, 1897; *Quinn v. Baage,* 138 Iowa 426; *Perry v. Castner,* 124 Iowa 386; *Lacy v. City of Oskaloosa,* 143 Iowa 704; *Kemp v. City of Des Moines,* 125 Iowa 640; *Emerson v. Babcock,* 66 Iowa 257; *Callahan v. City of Nevada,* 170 Iowa 719; *Central Life Assur. Soc. v. City of Des Moines,* 185 Iowa 573; *Davis v. City of Clinton,* 50 Iowa 585. The power thus conferred extends to areaways and other obstructions upon the streets. *Callahan v. City of Nevada,* supra; *Central Life Assur. Soc. v. City of Des Moines,* supra; *Bennett v. Incorporated Town of Mt. Vernon,* 124 Iowa 537; *Emerson v. Babcock,* supra. Permission granted to the owner of private property to use a portion of the street for an areaway may be revoked at any time, in the sound discretion of the council. *Callahan v. City of Nevada,* supra; *Young v. Rothrock,* 121 Iowa 588; *Perry v. Castner,* supra; *Emerson v. Babcock,* supra; *Lacy v. City of Oskaloosa,* supra; *City of Cedar Rapids v. Young,* 119 Iowa 552.

The fee title to the streets is in the incorporated town or city, and no private person has a vested or inherent right to obstruct the same in the conduct of his private business. The right to the use of the streets is given alike to all citizens, and includes the full width and length thereof. *Quinn v. Baage,* supra.

The opening in the sidewalk adjoining appellant's building, as stated above, occupies a space of 4 feet 1 inch in width and 25 feet in length. Appellant's building abuts upon Main and Market Streets, which, the evidence shows, is one of the busiest and most congested corners in said city. The railing has been used as a roosting place for loafers, and the sidewalk for idlers, who congregate in front of the railing to engage in conversation with the occupants thereof. It is claimed that this has been minimized by the insertion of bolts in the top of the railing.

The effect of devices of this character is more pronounced theoretically than practically.

The city council, in its resolution ordering the opening closed, declared that it had become a public nuisance and a menace to the public safety. The areaway was constructed in accordance with the permission of the city council, subject to the right of the city, declared at the time, to revoke it and to require its removal.

The law applicable to this controversy is too well settled in this state to justify extended discussion. The principal reliance of appellant for reversal is upon his contention that the ordinance in force in 1905 and a new ordinance which superseded it in 1911 are both violative of Article 1, Section 6, of the Constitution of the state of Iowa, which provides that all laws of a general nature shall have a uniform operation. Evidence was introduced to prove that the city council acted arbitrarily when it ordered appellant to remove the areaway and close the opening, and that discrimination in favor of the owners of other buildings similarly situated and used is shown by the neglect and failure of the officers to order areaways used in connection therewith to be removed. Of course, such action by the city council, if shown, would be intolerable. The weight of the evidence, however, tends to show that many areaways have already been closed in the business district, and that the city council is proceeding cautiously in the matter, but is requiring each owner to remove the obstruction whenever the public exigencies demand the space occupied thereby. The ordinance is not in its terms discriminatory, but provides for and contemplates uniformity of operation. *Town of Pacific Junction v. Dyer,* 64 Iowa 38, *City of Marshalltown v. Blum,* 58 Iowa 184, and *Geebrick v. State,* 5 Iowa 491, together with a large number of cases cited by appellant in which constitutional questions are discussed, do not sustain his contention that the ordinance is unconstitutional. The great increase in the use of automobiles and other motor vehicles upon the streets of cities and towns since appellant's building was constructed has greatly restricted the use thereof by pedestrians, and travel upon the sidewalks has become much more congested than formerly. We have not overlooked the fact that appellant cannot at this time,

nor until the expiration of a banking lease, which will occur in about two years, provide access to his basement, and that he will be deprived of the rental therefor during that time. The area-way was constructed as a part of new building, with notice to appellant that the permission granted to use a portion of the street for an areaway was subject to revocation by the city council upon six months' notice. He cannot complain.

Some claim is also made by appellant that his grantor had obtained a prescriptive right to maintain an areaway at the place in question before the building was erected. The areaway used in connection with the old building was much narrower than the one in controversy, and in any event, the city reserved the right, at the time the areaway was constructed, with the permission of its council, to close it upon six months' notice. Appellant is bound by the action then taken, which was upon his own initiative.

We find no reversible error in the record. The judgment and decree below is—*Affirmed*.

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.